IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD V. ROOD,

        Plaintiff,               No. 2:13-cv-0725-EFB P

       vs.

JOHN J. CASEY,

        Defendant.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a request for appointment of counsel.

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.      Appointment of Counsel

Plaintiff also requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III.     Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.   Screening Order**

Plaintiff is suing Dr. John J. Casey, a doctor at the Doctors Hospital of Manteca, California, for allegedly leaving a "loose body" in plaintiff's knee following surgery on October 14, 2011.  Plaintiff's statement of his claim, consists of the following:

> On October 14, 2011, Dr,. John Casey performed anthroscopic R. knee surgery on Richard V. Rood.  This was a R. Knee ACL reconstruction and menisectomy.  A 13 mm size "loose body" was left in the knee.  This caused Mr. Rood less mobility than prior to the 10/14/11 surgery, unrelenting daily pain and suffering, inability to perform normal daily tasks, possible further damage to petitioner Rood's knee, mental & physical stress.

ECF No. 1, § IV.  Plaintiff's complaint was filed on the form to be used by prisoner in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983.  It states that the acts described therein violate plaintiff's "rights under the Constitution & laws of the United States." *Id.* § V.  On the front page of the complaint, plaintiff wrote "personal injury medical malpractice." *Id.* at 1.

/////

/////

3

1   District courts have federal question jurisdiction over "all civil actions that arise under

2   the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "A case 'arises

3   under' federal law either where federal law creates the cause of action or 'where the vindication

4   of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican*

5   *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

6   (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  "[T]he

7   presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

8   rule,' which provides that federal jurisdiction exists only when a federal question is presented on

9   the face of the plaintiff's properly pleaded complaint."  *Provincial Gov't of Marinduque v.*

10  *Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).

11  To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

12  constitutional or statutory right; and (2) that the violation was committed by a person acting

13  under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297

14  F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless

15  the facts establish the defendant's personal involvement in the constitutional deprivation or a

16  causal connection between the defendant's wrongful conduct and the alleged constitutional

17  deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

18  740, 743-44 (9th Cir. 1978).

19  Here, plaintiff has not alleged that defendant Casey violated a specific constitutional

20  right, nor has he alleged that Casey was acting under the color of state law when he committed

21  the act complained of in the complaint.  For these reasons, plaintiff fails to state a claim under

22  section 1983.  More significantly, plaintiff's allegations suggest, that in leaving a 13mm loose

23  body in plaintiff's knee, defendant Casey was negligent, at worst.  Negligence, however, cannot

24  support a federal claim for relief under section 1983.  It is important to differentiate common law

25  negligence claims of malpractice (cognizable in state courts) from claims predicated on

26  violations of the Eighth Amendment's prohibition of cruel and unusual punishment.  In asserting

the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Rather, plaintiff must allege facts that would establish the defendant acted or failed to act with deliberate indifference to a known risk to plaintiff's health.  Here, defendant's allegation of negligence or medical malpractice is not enough amount to a violation of a federal constitutional or statutory right.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

Because plaintiff fails to state a cognizable claim for relief under section 1983, and the facts alleged would support a state law medical malpractice claim at best, the complaint must be dismissed for failure to state a claim upon which relief may be granted.  Leave to amend would be futile here, as the defects in the complaint could not be cured through amendment.  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for appointment of counsel (ECF No. 3) is denied.

1      4.  This action is dismissed for failure to state a claim.  28 U.S.C. § 1915A(b).

2   DATED:  August 20, 2013.

3

4                                  EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26